STATE OF MAIINE                                              DISTRICT COURT
CUMBERLAND, ss.                                              PORTLAND
                                                            Docket No. CV-19-0389

TD Bank, NA f/d/b/a/ TD Banknorth NA          )
                                              )
          PLAINTIFF                           )
v.                                            )              DECISION and ORDER
                                              )
Johnston Auto & Radiator Repair, Inc.,        )
and Linton Thompson                           )
                                              )
          DEFENDANTS                          )

The parties appeared before the court for trial on this matter on September 28, 2021.

Plaintiff alleges breach of contract against each defendant. Plaintiff appeared represented by

attorney Joan Egdall. Defendant Thompson appeared represented by attorney Edward Dilworth.

No representative appeared from Johnston Auto & Radiator Repair, Inc., a corporation which is

no longer operational. Plaintiff presented an employee of TD Bank, Timothy Ryan, as a witness

who endeavored to enter three documents into evidence. Defendant Thompson also testified.

Defendant, Johnston Auto & Radiator Repair, Inc. (hereinafter, "Johnston Auto"), was a

commercial entity owned by James S. Johnston, who is now deceased. Defendant Thompson was

an employee of Johnston Auto for a period of time including and after 2008. Johnston Auto took

a $50,000 revolving line of credit from TD Banknorth, NA in March of 2008, signed for and

guaranteed by James S. Johnston. In October 2008, Johnston Auto and Defendant Thompson

signed a change in terms agreement that increased the original line of credit to $75,000 and added

Thompson as a co-borrower.

Defendant Thompson was an employee of Johnston Auto. His duties and responsibilities

included attending auctions and purchasing vehicles for the business to rehabilitate and sell. He

held no ownership stake and believed he was required to sign the change in terms document in

1

order to be permitted to write checks on behalf of the business at the auctions he attended. At the time of the change in terms, Plaintiff took no information from Defendant Thompson to assess his creditworthiness before he signed the agreement in October 2008 on a signature line that designated him a co-borrower. Johnston Auto stopped making payments on the line of credit in November of 2015. Plaintiff now seeks to recover $54,954.25 in unpaid principal and accrued interest in the amount of $5,832.82.

As a threshold matter, pursuant to a pre-trial order dated July 15, 2021, both parties were to turn over final trial exhibits no later than three days before trial. Parties agreed that Plaintiff did not provide the exhibits she intended to introduce until the afternoon of September 27, 2021, the day before this trial.

Defendant objected to the admission of all of Plaintiff's exhibits based on their late disclosure. In the alternative, Defendant objected to the admission of the Promissory Note, identified as Plaintiff's exhibit A, under M.R. Evid. 1002, and the Loan History, identified at Plaintiff's C, as an improperly supported summary of information governed by M.R. Evid. 1006.

Me. R. Evid. 1002, the best evidence rule, provides that in order to prove the content of a writing, the original writing is required, unless an exception exists elsewhere in the rules or by statute. Me. R. Evid. 1004 carves out exceptions to the best evidence rule, providing that the original is not required if it: (1) was lost or destroyed, absent bad faith; (2) is unobtainable; (3) is in the control of the party against whom the document is offered; or (4) relates to a collateral matter. *LDC Gen. Contracting v. LeBlanc*, 2006 ME 106, ¶ 7, 907 A.2d 802. It is within the discretion of the trial judge to decide whether an exception to the best evidence rule applies in a given instance. Id. ¶ 8.

2

Plaintiff was only able to provide only a copy of the promissory note. Defendant Thompson was not a signatory to the promissory note and was not in possession of any copy of it. Plaintiff's witness, Mr. Ryan, a commercial recovery officer at TD Bank, could not say where or even if the original was in the custody of TD Bank. This testimony does not bring the promissory note within the purview of the exceptions enumerated in M.R. Evid. 1004. Contrary to Plaintiff's argument, it is of no moment that Defendant Thompson waived discovery in this matter when Plaintiff itself failed to timely turn over exhibits providing Defendant Thompson notice enough that he might request to review the original promissory note.

Plaintiff's exhibit C, the loan payment history, is admissible under M.R. Evid. 806(3) and pursuant to M.R. Evid 1001(3). Rule 806(3), the business records exception to hearsay, allows (in relevant part) for the admission of reports and data compilations made at or near the time of the event. The loan history is a record regularly maintained by the Plaintiff within their computer system for every loan customer. For the purpose of hearing the record was printed, not made, on demand, and shows no sign of untrustworthiness. The Defendant's characterization of the loan history as a summary which would require the presentation of supporting documents be made available for inspection is unpersuasive. See *United Air Lines v. Hewins Travel Consultants*, 622 A.2d 1163 (Me. 1993). M.R. Evid. 1001(3) reads, in pertinent part, "If data are stored in a computer or similar device, any printout or other output readable by sight, shown to reflect the data accurately, is an 'original'."

Notwithstanding the evidentiary issues surrounding Plaintiff's exhibits A and C, the evidence before this court is insufficient to find that anyone other than Johnston Auto is liable for breach of contract with Plaintiff. Defendant Thompson was not a party to the original agreement or promissory note, but only to the change in terms. He is not a sophisticated borrower and appears

to have signed the change of terms agreement in a vacuum. Plaintiff made no effort to review Defendant Thompson for his ability to repay a $75,000 line of credit, nor was he provided a copy of the promissory note during the signing of the change in terms agreement, all of which might have suggested to him that he was taking responsibility for this line of credit. He signed the subsequent agreement as a co-borrower, a term that is not defined on either document, and as an individual, signing for the debts of a company he did not own. No checks were written to Defendant Thompson, nor was Thompson ever tasked with payment on this account. Defendant believed that he signed the change of terms document not because he was assuming liability for the company's debt, but because it was a requirement of the bank that gave Defendant Thompson the ability to write checks on behalf of the business, a task that was a requirement of his job.

Plaintiff has failed to show a meeting of the minds sufficient to prove the existence of a contract between Plaintiff and Defendant Thompson.

Accordingly, Judgment, it is hereby ORDERED in favor of Defendant Linton O. Thompson.

Further, Judgment is hereby ORDERED in favor of Plaintiff against Defendant Johnston Auto & Radiator Repair, Inc. in the principal amount of $54,954.25 and pre-judgment interest at the rate of 5.25% beginning from October 20, 2017. As Johnston Auto & Radiator Repair, Inc. is no longer operational, and its proprietor deceased, the court declines to order post-judgment interest.

The clerk shall incorporate this Order on the docket by reference pursuant to M.R. Civ. P. 79(a).

DATED: November 23, 2021

Hon. Deborah P. Cashman
Maine District Court Judge

4